## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN THE MATTER OF: | CHAPTER 13 CASE NO.: |
| DEWAYNE JONES | 21-12407-JDW |

### RESPONSE TO MOTION TO SUSPEND CHAPTER 13 PLAN PAYMENTS

COMES NOW Locke D. Barkley, Chapter 13 Trustee, by and through counsel, and files this response to the Debtor's Motion to Suspend Chapter 13 Plan Payments (Dkt. #34) (the "Motion") and in support states as follows:

1. The Debtor initiated this proceeding with the filing of his bankruptcy petition on December 17, 2021. On January 27, 2022, this Court entered the Agreed Order Granting Motion to Impose Stay (Dkt. #17) which, among other things, imposed a 60-day "drop dead" provision regarding future plan payments due from and after January 1, 2022, and a 180-day prohibition to re-filing should this case be dismissed for any reason.

2. The Debtor's monthly payment history is as follows:

| Payment Month | Monthly Amt Due | Monthly Amt Paid | Total Amt Due | Total Amt Paid | Total Delinquent |
|---|---|---|---|---|---|
| 01/2022 | 1,544.83 | 356.50 | 1,544.83 | 356.50 | 1,188.33 |
| 02/2022 | 1,544.83 | 713.00 | 3,089.66 | 1,069.50 | 2,020.16 |
| 03/2022 | 1,544.83 | 1,447.00 | 4,634.49 | 2,516.50 | 2,117.99 |
| 04/2022 | 1,635.83 | 713.00 | 6,270.32 | 3,229.50 | 3,040.82 |
| 05/2022 | 1,646.00 | 781.00 | 7,916.32 | 4,010.50 | 3,905.82 |
| 06/2022 | 1,646.00 | 0.00 | 9,562.32 | 4,010.50 | |

3. The Motion was filed on June 7, 2022, and is set for hearing on July 19, 2022 (See Dkt. #35). The Motion requests a retroactive three-month suspension of payments for April, May, and June.

4. Through May the month prior to the filing of the Motion, the Debtor had become 60 days delinquent in plan payments.

1

5. The Trustee alleges that the Motion was not filed in good faith, rather the purpose of the Motion was to circumvent the agreement of the Debtor with the Trustee that should plan payments become 60 days or more delinquent that the case would be subject to dismissal.

6. The Trustee alleges that the Motion seeks *nunc pro tunc* relief to suspend past payments in order to cure the already existing delinquency in plan payments. The use and appropriateness of *nunc pro tunc* orders has been limited by the United States Supreme Court as set forth in its opinion in *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano, et al.*, 140 S.Ct. 696 (2020) . The Trustee urges that this instance is one in which *nunc pro tunc* relief is not proper.

7. The Trustee requests that the Motion be denied.

WHEREFORE, PREMISES CONSIDERED, Locke D. Barkley, Chapter 13 Trustee, prays that upon notice and hearing that this Court enter its order denying the Motion and for such other relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: June 16, 2022

Respectfully submitted,
LOCKE D. BARKLEY, TRUSTEE

BY:  /s/ W. Jeffrey Collier
W. JEFFREY COLLIER, ESQ.
Attorney for Trustee
6360 I-55 North, Suite 140
Jackson, Mississippi 39211
(601) 355-6661
ssmith@barkley13.com

## **CERTIFICATE OF SERVICE**

    I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

    Dated: June 16, 2022

                                          /s/ W. Jeffrey Collier
                                          W. JEFFREY COLLIER